UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| TOBIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 5:14-cv-390-JMH |
| | ) | |
| CITY OF HARRODSBURG, | ) | **MEMORANDUM OPINION & ORDER** |
| KENTUCKY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Amended Complaint in this action. [DE 10]. Plaintiff has responded [DE 13], and Defendants have replied [DE 14]. Thus, this motion is now ripe for review. For the reasons which follow, Defendants' motion will be granted.

**I. Factual and Procedural Background**

Plaintiff Tobie Brown was hired as a dispatcher for the Harrodsburg Police Department Communications and Records Department on September 23, 2013. [DE 6 at 3]. She was hired on a probationary period, which was later extended and set to expire on April 22, 2014. [*Id*.]. On March 8, 2014, Plaintiff filed a written grievance complaining of the behavior of her supervisor, Gail M. Napier. [DE 6 at 4]. Plaintiff alleges that "Ms. Napier

began a systematic effort to gather false and misleading evidence to support the termination of Plaintiff." [*Id*.]. Plaintiff was terminated on May 1, 2014. [DE 6 at 3]. She claims that her termination was a direct and proximate result of, and in retaliation for, her written grievance against Napier. [DE 6 at 4]. Following her discharge on May 1, Plaintiff "grieved her discharge and requested a hearing" on May 12, 2014. She was denied a hearing on May 27, 2014. [*Id*.].

Plaintiff brings a federal claim under 42 U.S.C. § 1983, alleging a violation of her rights under the First and Fifth Amendments, and her Fourteenth Amendment right to due process, as well as a state law violation of her due process rights pursuant to Section 2 of the Kentucky Constitution. Plaintiff seeks damages for past and future loss of wages and pain and suffering, punitive damages, and reinstatement of her former position with the City of Harrodsburg. [DE 6].

## II. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The court views the complaint in the light most favorable to the plaintiff and must accept as true all well-pleaded factual allegations contained within it.

2

*Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it contains facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id*. "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

## III. Discussion

### A. Section 1983 Claims

For a plaintiff's 42 U.S.C. § 1983 claim to survive a motion to dismiss, "[f]irst, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted). Absent either element, no claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendants do not dispute whether their actions were under color of state law. Thus, the question before this

Court is whether Plaintiff has a plausible claim that Defendants deprived her of her rights under the First, Fifth, or Fourteenth Amendment. The Court finds that Plaintiff does not have a plausible claim and will address each alleged constitutional violation in turn.

**1. First Amendment Claim**

Plaintiff alleges that after she filed a grievance complaining of her supervisor's behavior, her supervisor "began a systematic effort to gather false and misleading evidence to support the termination of Plaintiff" and then Plaintiff was terminated in retaliation for her complaint. [DE 6 at 4]. Plaintiff also states she was deprived of her position "for exercising her right ... to grieve her employers' decision ... pursuant to the City's policies and procedures." [DE 6 at 4-5].

"To establish a prima facie case of First Amendment retaliation under 42 U.S.C. § 1983, [Plaintiff] must demonstrate that: (1) [she] was engaged in a constitutionally protected activity; (2) [she] was subjected to adverse action or deprived of some benefit; and (3) the protected speech was a substantial or motivating factor in the adverse action." *Farhat v. Jopke*, 370 F.3d 580, 588 (6th Cir. 2004) (internal quotation omitted). As to whether the plaintiff has engaged in a

4

constitutionally protected activity, the Supreme Court has established a four-step analysis. *See Devlin v. Kalm*, 531 F. App'x 697, 704 (6th Cir. 2013) (summarizing the case law). The first step in this analysis is to ascertain whether the relevant speech addressed matters of public concern. *See Connick v. Myers,* 461 U.S. 138, 143 (1983) (discussing the public concern rule where plaintiff invokes the Speech Clause); *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2495 (2011) (discussing the rule where plaintiff invokes the Petition Clause).

"[S]o long as the speech relates to matters of 'political, social, or other concern to the community,' as opposed to matters 'only of personal interest,' it shall be considered as touching upon matters of public concern." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1052 (6th Cir. 2001) (quoting *Connick,* 461 U.S. at 146–49). To determine whether the plaintiff's speech addresses a matter of public concern, the Court must look at the "content, form, and context of a given statement, as revealed by the whole record." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 256-57 (6th Cir. 2006) (citing *Connick,* 461 U.S. at 147-49)). If the relevant speech is of private concern, it is not entitled to First Amendment protection and Plaintiff's complaint will not survive a motion to dismiss.

5

*See Rorrer v. City of Stow*, 743 F.3d 1025, 1047–48 (6th Cir. 2014); *Unger v. City of Mentor*, 387 F. App'x 589, 593 (6th Cir. 2010).

As for Plaintiff's speech in the case at bar, Plaintiff's Amended Complaint states only that "Plaintiff filed a written grievance complaining of the behavior of her supervisor, Gail M. Napier." [DE 6 at 4]. Defendants contend that Plaintiff's employment grievance is not a matter of public concern. Plaintiff responds simply that more discovery is needed to determine whether there exists an issue of public concern, until "the reasons for the retaliation are fully explained." [DE 13 at 4]. This is not the law. Before discovery, the complaint must, at least, contain facts upon which a plausible claim can be based. *Iqbal*, 556 U.S. at 678. Although a complaint need not contain "detailed factual allegations," "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (2007).

Here, there are no facts to support the inference that the content of Plaintiff's speech was on a matter of interest to the community. In fact, on the facts alleged, Plaintiff's speech about her suspension can only be construed as the type of internal grievance that typically falls outside the realm of speech of public concern. *See*

6

*Connick*, 461 U.S. at 141 (holding that speech concerning office morale and the level of confidence in supervisors was not speech on matters of public concern); *Rorrer*, 743 F.3d at 1047-48 (6th Cir. 2014) (citing cases); *see also Akers v. McGinnis*, 352 F.3d 1030, 1037 (6th Cir. 2003). Accordingly, the Court finds that Plaintiff has not alleged facts sufficient to support a plausible claim for a violation of her First Amendment rights.

### 2. Fifth Amendment Claim

In addition to her claim under the Due Process Clause of the Fourteenth Amendment, Plaintiff brings a claim under the Fifth Amendment Due Process Clause. "The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (citing *Sturgell v. Creasy,* 640 F.2d 843, 850 (6th Cir. 1981)). Defendants argue that Plaintiff has raised no allegations against the federal government, and therefore, her Fifth Amendment claim should be dismissed. The Court agrees. Having raised no allegations against the federal government, Plaintiff's Fifth Amendment claim is redundant of her Fourteenth Amendment claim and will be dismissed.

### 3. Fourteenth Amendment Claim

According to Plaintiff's Amended Complaint, she "had a legitimate expectation of future employment with the City of Harrodsburg rising to a property right that was taken away without due process of law." [DE 6 at 4-5]. Thus, Plaintiff alleges that Defendants violated her Fourteen Amendment right to due process when they terminated her position and denied her request for a hearing. [*Id.*].

To succeed on her Fourteenth Amendment due process claim, Plaintiff must first establish that she enjoyed a protected interest in her position and then, that she was "afforded the procedures to which government employees with a property interest in their jobs are ordinarily entitled." *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 620 (6th Cir. 2013) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). Thus, the threshold question is whether Plaintiff has established a protected interest in her position as a dispatcher with the Harrodsburg Police Department.

"Government employment amounts to a protected property interest when the employee has a legitimate expectation of continued employment." *Curby v. Archon*, 216 F.3d 549, 553 (6th Cir. 2000) (internal quotation and citation omitted). Whether Plaintiff has a legitimate expectation of continued

8

employment in her position is determined by state law. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). In Kentucky, it is presumed that employment is at-will unless the parties "clearly stat[e] their intention" to agree otherwise. *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 491-492 (Ky. 1983); *see also McDonald v. Webasto Roof Sys., Inc.*, 570 F. App'x 474, 477 (6th Cir. 2014) (interpreting Kentucky law). Thus, to establish a protected interest in her position, Plaintiff "must be able to point to some statutory or contractual right conferred by the state" that establishes a legitimate expectation to continued employment. *Bailey v. Floyd Cnty. Bd. of Educ. By & Through Towler*, 106 F.3d 135, 141 (6th Cir. 1997).

Defendants argue that Plaintiff has no protected interest in her position because there is no employment contract that alters the at-will relationship. In response, Plaintiff relies upon the fact that she completed her probationary period,[1] and thus is entitled to a deprivation

---

[1] The Amended Complaint states Plaintiff was terminated on May 1, 2014, after her probationary period expired on April 22, 2014. [DE 6 at 3]. Defendants introduce documents to rebut this contention and Plaintiff provides her own exhibits in response. However, these documents, which are not referred to in the Amended Complaint and contradict facts alleged in it, are not appropriately considered at the motion to dismiss stage. *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 400 (6th Cir. 2012). Regardless, the Court finds that whether Plaintiff did or did not complete her probationary period is irrelevant for the reasons articulated in this section, namely, that even if Plaintiff did complete the probationary period, there is nothing to show that she remained anything but an at-will employee. The Court

hearing. But the completion of the probationary period does not in itself establish a legitimate expectation to continued employment. Plaintiff still must allege facts sufficient to show that after she completed the probationary period, her employment relationship was altered from the presumed at-will status. *Bailey*, 106 F.3d at 141. Plaintiff has not done so.

Plaintiff's Amended Complaint refers to and relies upon the City of Harrodsburg Personnel Policies and Procedures.[2] However, this document expressly states that "nothing in the semantical classification of employees" (those that are on probation and those that are "regular" employees) "is intended to create a contract of employment" and "[a]ny individual may voluntarily leave employment or be terminated at any time." [DE 10-2 at 16]. Although the document outlines an "appeals process," the section notes that "it is specifically not the City Commission's intention to create any property right or employment situation that compromises its at-will employment status." [DE 10-2 at 22]. There are similar disclaimers in other

---

accepts the alleged facts in the Amended Complaint as true and proceeds under the assumption that Plaintiff did complete the probationary period.
[2] The Court notes that it relies upon the Policies and Procedures because it is a document that is incorporated into the Amended Complaint by reference, [DE 6 at 4], and there is no dispute of fact as to its relevance. *See Mediacom*, 672 F.3d at 400.

sections throughout the document as well. [DE 10-2 at 7; 19]. In Kentucky, an express disclaimer is sufficient to show that the at-will relationship remains unaltered by an employee manual. *See Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 98 (Ky. Ct. App. 2000); *Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 826 (Ky. Ct. App. 1987). Therefore, the Personnel Policies and Procedures cannot suffice, on their own, as a contract that alters the presumed at-will relationship.

The Court notes that the Kentucky Supreme Court has considered other factors that may establish the existence of an employment contract or overcome a disclaimer in an employee manual. *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 490 (Ky. 1983) (holding courts should consider "the understanding of the parties as ascertained by inference from their written or oral negotiations and agreements, the usage of business, the situation and objectives of the parties, the nature of the employment, and all circumstances surrounding the transaction."). However, Plaintiff has alleged no facts to indicate that any of these other factors established a contractual relationship that altered the at-will status of her position. While the Court will draw all reasonable inferences in favor of the Plaintiff, there must be some

facts upon which the Court can draw the inferences. *See Iqbal*, 556 U.S. at 678. Accordingly, the Court finds that Plaintiff has not alleged facts sufficient to support a plausible claim for a violation of her Fourteen Amendment right to procedural due process.

### 4. Conclusion: Dismissal of § 1983 Claim

The Plaintiff has not alleged facts sufficient to support her claim that Defendants deprived her of rights secured under federal law. *See Handy-Clay*, 695 F.3d 531, 539. As such, Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 will be dismissed.

### B. State Law Claims

The Court has supplemental jurisdiction over Plaintiff's remaining state law claim for alleged violations under Section 2 of the Kentucky Constitution. 28 U.S.C. § 1367(a). When claims over which the district court has original jurisdiction have been dismissed, the court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). "Generally, '[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Carmichael v. City of Cleveland*, 571 F. App'x 426, 434 (6th Cir. 2014) (quoting *Musson*

*Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claim. That claim will be dismissed without prejudice.

Furthermore, because the Court will dismiss Plaintiff's claims, it will not address the other relevant defenses raised by the Defendants.

**CONCLUSION**

For the reasons stated above, **IT IS ORDERED:**

1) that Defendants' Motion to Dismiss [DE 10] is **GRANTED,**

2) that Plaintiff's claims filed pursuant to 42 U.S.C. § 1983 are **DISMISSED** against all Defendants;

3) that Plaintiff's state law claim under Section 2 of the Kentucky Constitution **DISMISSED WITHOUT PREJUDICE** against all Defendants;

4) that a judgment consistent with this Opinion & Order will be entered contemporaneously;

5) this matter is **STRICKEN** from the active docket.

This, the 31st day of March, 2015.

13



Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**